Roger T. Witt
Andrew T. Newcomer
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360
rtw@uazh.com, atn@uazh.com
Attorneys for Defendant Elemental Prism, LLC
(d/b/a Herb Stomp)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| STEPHANIE CATARAHA, as the personal representative of the Estate of STEPHEN HAMILTON,<br><br>Plaintiff,<br>v.<br><br>ELEMENTAL PRISM, LLC, Herb Stomp<br><br>Defendant, | Case No.CV-17-128-GF-BMM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Elemental Prism, LLC, d/b/a Herb Stomp, through its counsel of record, answers and responds to the Complaint of Plaintiff Stephanie Cataraha as follows.

1

## **FIRST DEFENSE**

The Complaint fails to state claims, in whole or in part, against the Defendant and, as such, of some or all of the Complaint should be dismissed against it.

## **SECOND DEFENSE**

With respect to the specific allegations of the Complaint, the Defendant states:

Plaintiff Alleges

1. The allegations in Paragraph 1 are admitted.

2. The allegations in Paragraph 2 are admitted.

3. Regarding the allegations in Paragraph 3, the Defendant is without sufficient information or belief and, as such, they are denied at this time.

Count I

1. The allegations in Paragraph 1 are denied upon information and belief.

2. The allegations in Paragraph 2 are admitted.

3. The allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 are denied.

5. Regarding the allegations in Paragraph 5, the Defendant admits its website and labeling state its kratom products are not for human consumption and for external use only. The Defendant admits kratom has been ingested by others. The Defendant denies knowing the Decedent's use of kratom.

6. Regarding the allegations in Paragraph 6, Defendant admits that an order for kratom was placed on or about March 4, 2017 that provided an email address of joylnn@midrivers.com, listed Jolynn Hamilton as the payor, and provided a shipping address for Stephen Hamilton. Any remaining allegations are denied.

7. The Defendant admits the allegations in Paragraph 7 upon information and belief.

8. With respect to Paragraph 8, the Defendant is without sufficient information or belief reading the allegations in the first and second sentence therein and, as such, they are denied at this time. With respect to the allegations in the third sentence, the Defendant warned not to consume, and the allegations are denied accordingly.

9. The allegations in Paragraph 9 are denied.

## THIRD DEFENSE

Pursuant to Mont. Code Ann. § 27-1-719, to the extent the Decedent unreasonably misused or unreasonably made of use the product and the misuse or use caused or contributes to the death, recovery is barred or mitigated.

## FOURTH DEFENSE

The claims are barred by the Decedent's assumption of risk.

## FIFTH DEFENSE

To the extent the damages claimed were caused or contributed to by the survivors or heirs, recovery is barred or diminished accordingly.

## SIXTH DEFENSE

To the extent there are intervening and/or superseding causes, the claims are barred accordingly.

## SEVENTH DEFENSE

To the extent the Decedent failed to follow product instructions, labels, or warnings, recovery is barred.

## EIGHTH DEFENSE

To the extent the Decedent failed to mitigate the damages claimed, recovery is barred or diminished accordingly.

## NINTH DEFENSE

To the extent the Decedent failed to mitigate the damages claimed, recovery is barred or diminished accordingly.

## TENTH DEFENSE

The Court lacks general or specific jurisdiction over the Defendant.

## ELEVENTH DEFENSE

The Defendant reserves the right to seek leave to amend this Answer to add or withdraw such defenses that may be determined though discovery and investigation.

WHEREFORE, having answered and responded to the Plaintiff's Complaint, the Defendant requests the following relief:

1. That Plaintiff's Requested Relief be denied;

2. That the Plaintiff take nothing and the Complaint be dismissed;

3. That Judgment be entered for the Defendant and against the Plaintiff;

4. That the Defendant be awarded its costs and disbursements; and

5. That the Defendant be awarded such other relief deemed appropriate.

DATED this 7th day of September, 2018.

UGRIN ALEXANDER ZADICK, P.C.

By: /s/ Roger T. Witt
  Roger T. Witt
  Andrew T. Newcomer
  Attorneys for Defendant

## JURY DEMAND

The Defendant demands trial by jury on all issues so triable.

DATED this 7th day of September, 2018.

                UGRIN ALEXANDER ZADICK, P.C.

                By:   /s/ Roger T. Witt
                        Roger T. Witt
                        Andrew T. Newcomer
                        Attorneys for Defendant